IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMOND LEWIS**                                                                                             **PLAINTIFF**

v.                                                       CIVIL ACTION NO. 1:24-cv-00023-TBM-RPM

**JACKSON COUNTY, et al.**                                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* for consideration of dismissal. When he filed this Complaint under 42 U.S.C. § 1983, *pro se* Plaintiff Armond Lewis was a pretrial detainee housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. [1], pp. 2-3, 6. He names Jackson County, Attorney David Futch, Judge Keith Miller, unnamed District Attorney, and the Jackson County Judicial System as Defendants. [1], pp. 2-3; [8], p. 1. Lewis is proceeding *in forma pauperis*. [5], pp. 1-3. The Court has thoroughly reviewed and liberally construed the record and concludes that this case should be dismissed with prejudice.

**I.     BACKGROUND**

Lewis complains that he was not timely provided a preliminary hearing in the Jackson County Circuit Court. [1], pp. 4-5. Lewis requested a preliminary hearing on June 5, 2023, and he believes that the Mississippi Rules of Criminal Procedure require the hearing thereafter to "be held within 14 days." [1], p. 4. Rather, Lewis's preliminary hearing convened on July 26, 2023, "well pas[t] [the] 14 day timeframe." [1], p. 4. Thus, Lewis believes that he should have been "released on [a] recognizance [bond]." [1], p. 4.

Because the Jackson County Circuit Court "refused to release [him]" accordingly, Lewis believes that Jackson County subjected him to "illegal confinement." [8], p. 1. Lewis also blames

1

Jackson County for failing to employ "competent officers, board members and employees." [8], p. 1. Lewis complains that his defense attorney, Futch, "did not provide adequate [assistance of] counsel" and "lacked due diligence" in his representation at the preliminary hearing. [1], p. 4. For example, Lewis insists that Futch "never once spoke to him," "didn't attempt to look up laws [and] statutes," and mislead the court to believe that Lewis had waived his prelininary hearing. [1], p. 4. Next, Lewis blames Judge Miller for "denying [him] release on recognizance" and therefore "turn[ing] a blind eye to the color of law." [1], p. 5. And he blames the unnamed District Attorney for "caus[ing] unnecessary delay in prosecuting" the case against him. [1], p. 5.

Lewis argues that Defendants violated his Fifth and Fourteenth Amendment rights. [1], p. 3. He seeks "dismissal of [the] false allegations" against him,[1] plus compensatory damages. [1], p. 7.

## II.    DISCUSSION

Because Lewis is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). A complaint fails to state a claim upon which

---

[1] Habeas corpus provides the exclusive federal remedy available to a state prisoner seeking an immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.E.2d 439 (1973). Thus, Lewis's request for immediate release was severed from this case, [10], pp. 1-2, and heard in another lawsuit, *Lewis v. Ledbetter, et al.*, No. 1:24-cv-00060-HSO-BWR (S.D. Miss. June 27, 2024) (Docs. 11-12).

2

relief may be granted "when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Church v. Kare Distribution, Inc.*, 211 F. App'x 278, 280 (5th Cir. 2006) (quotation omitted). Having conducted the required screening, the Court finds that Lewis's claims are not cognizable against any Defendant under § 1983, and all must be dismissed with prejudice.

### A. Jackson County

"Section 1983 claims may be brought against government employees 'in their individual or official capacity, or against a governmental entity.'" *Ducksworth v. Rook*, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). "Municipal liability under Section 1983 requires that a plaintiff prove three elements: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). A "policy or custom" can be either:

> (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Felter v. Brown*, No. 5:11-cv-00046-DCB-MTP, 2014 WL 51335, at *2 (S.D. Miss. Jan. 7, 2014) (citing *McGregory v. City of Jackson*, 335 F. App'x 446, 448-49 (5th Cir. 2009)). To advance beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted).

Lewis has failed to allege sufficient facts to maintain this action against Jackson County.

When asked to identify "which policies, practices, or customs of Jackson County . . . establish that Jackson County violated [his] constitutional rights," [6], p. 2, Lewis insists that he "was illegally detained by Jackson County," [7], p. 1. Without elaboration, Lewis also claims that Jackson County fails to employ "competent officers, board members and employees." [8], p. 1. At no point does Lewis allege that Jackson County has an official policy or well-settled custom of postponing preliminary hearings in violation of the Mississippi Rules of Criminal Procedure. His allegations merely represent what he says happened to him in one instance. Nor does he specifically connect Jackson County's hiring and retention policies with the alleged constitutional violation.

That is, Lewis has "alleged no specific policy statement, ordinance, regulation, or decision that was the moving force" behind the alleged constitutional violations. *See Ducksworth*, 2015 WL 737574, at *2. His pleadings thus fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy." *See id.* (quotations and alterations omitted); *see also Lang v. Forrest Cnty. Adult Detention Ctr.*, No. 2:21-cv-000821-HSO-JCG, 2021 WL 4432824, at *2 (S.D. Miss. Sept. 27, 2021) (dismissing claims against Forrest County because the plaintiff failed to allege the existence of an official policy, practice, or custom); *Cobb v. Adams Cnty.*, No. 5:07-cv-00198-MTP, 2009 WL 799461, at *3 (S.D. Miss. Mar. 24, 2009) (dismissing claims against Adams County for the same reason). Lewis has failed to state a claim against Jackson County under § 1983, and his claims against it must be dismissed with prejudice. *See Lang*, 2021 WL 4432824, at *2.

### B. Attorney David Futch

To maintain an action under § 1983, Lewis must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. 42

4

U.S.C. § 1983. But a criminal defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). And Lewis does not allege that Futch acted on behalf of the state or in collusion with the state while representing him— only that the quality of his representation fell below reasonable professional standards. *See* [1], p. 4. Thus, Lewis has failed to state a claim against Futch under § 1983, and the claims against him must be dismissed with prejudice. *See, e.g.*, *Martinez v. Sullivan*, No. 5:17-cv-00201, 2019 WL 4493583, at *2 (E.D. Tex. Apr. 15, 2019), *report and recommendation adopted by* 2019 WL 4469171, at *2 (E.D. Tex. Sept. 18, 2019); *Worthy v. Scoggin*, No. 3:02-cv-02233-N, 2002 WL 31875561, at *2 (N.D. Tex. Dec. 19, 2002).

### C. Judge Keith Miller and the Jackson County Judicial System

"As a general matter, judicial immunity protects a judge from liability for acts or omissions done in the exercise of his judicial function or capacity within the limits of his jurisdiction." *Lang v. City of Gulfport*, No. 1:13-cv-00012-LG-JMR, 2013 WL 3095058, at *2 (S.D. Miss. June 18, 2013). "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.E.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.E.2d 331 (1978) (quotation omitted).

"The doctrine of judicial immunity can be overcome under two sets of circumstances: (i) nonjudicial actions, which are actions not taken in the judge's judicial capacity and (ii) actions taken in the complete absence of all jurisdiction, even though they are judicial in nature." *Lang*, 2013 WL 3095058, at *2 (citing *Ballard*, 413 F.3d at 515). Lewis's allegations against Judge Miller satisfy neither exception.

To determine whether Judge Miller's act of denying Lewis a recognizance bond could amount to a nonjudicial action, the Court considers these factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). All four factors weigh in favor of the application of judicial immunity. To start, "[t]he setting of bond is a normal judicial function." *Williams v. Jackson Cnty.*, No. 1:22-cv-00277-HSO-BWR, 2023 WL 378754, at *3 (S.D. Miss. Jan. 24, 2023). And Lewis admits that he appeared "in [Judge Miller's] courtroom" and that Judge Miller "den[ied] [Lewis] release on recognizance" in his underlying criminal case. [1], p. 5. "There is no indication that [Lewis's] appearance before Judge [Miller] was anything outside a standard judicial process." *See Lang*, 2013 WL 3095058, at *2. The "nonjudicial action" exception to judicial immunity does not apply.

Nor does the absence-of-jurisdiction exception apply. Lewis does not allege that Judge Miller lacked jurisdiction to set his bond—only that he should have received a recognizance bond following a delayed preliminary hearing. [1], pp. 4-5. In any event, a state trial court enjoys discretion to determine conditions of pretrial release. *Strickland v. Darby*, 135 So. 3d 234, 237

6

(Miss. Ct. App. 2014) (quotation and alterations omitted). Thus, Judge Miller acted within his jurisdiction by denying Lewis's requested recognizance bond, and he is entitled to judicial immunity from suit because of these allegations. Lewis's claims against Judge Miller are frivolous and must be dismissed with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).

Lewis's claims against the Jackson County Judicial System are redundant to his claims against Judge Miller. *See, e.g.*, *Curry v. Miss. Dep't of Corr.*, No. 3:13-cv-00076-DPJ-FKB, 2013 WL 2469630, at *2 (S.D. Miss. June 7, 2013) ("The state courts are entitled to judicial immunity."); *Cunningham v. Hinds Cnty. Sheriff's Dep't*, No. 3:12-cv-00634-CWR-FKB, 2012 WL 5384642, at *7 (S.D. Miss. Nov. 1, 2012). Thus, Lewis's claims against the Jackson County Judicial System are also frivolous, and his claims against it will be dismissed with prejudice too.

### D. Unnamed District Attorney

"Criminal prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd*, 31 F.3d at 285. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.* As relevant here, prosecutors are absolutely immune from claims that a case was not presented and prosecuted quickly enough. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).

Lewis claims that the unnamed District Attorney, who he later calls "the A.D.A. in Judge Keith Miller's courtroom," [8], p. 2, violated his constitutional rights by delaying the prosecution of his case without explanation, [1], p. 5. But this person is immune for "all actions which occur in the court of [his or her] role as an advocate for the State." *See Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (quotation omitted). Lewis has offered nothing that would bring his allegations

7

outside the scope of prosecutorial immunity. His claims against the unnamed District Attorney are frivolous and must be dismissed with prejudice. *See Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995).

### III.   CONCLUSION

Having considered the entire record and applicable law, the Court dismisses this civil action with prejudice as frivolous and for failure to state a claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Armond Lewis's claims against Jackson County and Attorney David Futch are **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's claims against Judge Keith Miller, the Jackson County Judicial System, and the unnamed District Attorney are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Lewis is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)).

**IT IS, FINALLY, ORDERED AND ADJUDGED** that this case is **CLOSED**. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**THIS, the 26th day of November, 2024.**

                                                **TAYLOR B. McNEEL**
                                                **UNITED STATES DISTRICT JUDGE**